IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDY DANTZLER, 812677,    ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | No. 3:05-CV-2164-D |
| ) | ECF |
| NATHANIEL QUARTERMAN,    ) | |
| Director TDCJ-CID,    ) | |
| Respondent.    ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner was convicted of aggravated sexual assault of a child under the age of fourteen.

*State of Texas v. Andy Dantzler*, No. F97-75668-QH (Crim. Dist. Ct. No. 1, Dallas County, Tex.,

Jan. 7, 1998).  He was sentenced to ninety-nine years confinement.  On November 8, 1999, the

Fifth District Court of Appeals affirmed Petitioner's conviction.  *Danztler v. State*, No. 05-98-

00145-CR (Tex. App. – Dallas, Nov. 8, 1999).  Petitioner did not file a timely petition for

discretionary review.

On August 11, 2005, Petitioner filed a state application for writ of habeas corpus.  *Ex

parte Dantzler*, Application No. 62,780-01.  On September 28, 2005, the Court of Criminal

Appeals denied the application without written order on the findings of the trial court.

On November 2, 2005, Petitioner filed this federal petition.  He argues: (1) the evidence was insufficient to support the conviction; (2) there was a fatal variance between the indictment and the evidence at trial; (3) the trial court erred in allowing testimony from an outcry witness; (4) the trial court erred in not allowing a lesser included offense; (5) the trial court erred in allowing certain witness testimony; (6) the trial court erred in admitting extraneous offenses; (7) the trial court violated the Texas Rules of Evidence; and (8) Petitioner received ineffective assistance of counsel.

On July 21, 2006, the Court ordered Petitioner to show cause why the petition is not barred by the one-year statute of limitations.  On August 16, 2006, Petitioner filed his response. The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

## A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).

On January 7, 1998, the Fifth District Court of Appeals affirmed Petitioner's conviction. Petitioner did not file a timely PDR.  His conviction therefore became final thirty days later, on February 6, 1998.  *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until February 6, 1999, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On August 11, 2005, Petitioner filed a state application for writ of habeas corpus.  This application was filed after the limitations period expired.  It therefore did not toll the limitations period.

Petitioner's federal petition was due by February 6, 1999.  He did not file his federal petition until November 2, 2005.  His petition is therefore untimely.

---

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to

equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he is not knowledgeable about

the law, and he therefore relied on other inmates and the Innocence Project for help with his writ.

He also argues he is actually innocent.  Petitioner's arguments fail to support a claim for

equitable tolling.  *See, Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding

ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy,

lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA

statute of limitations).  Petitioner has not shown that he was prevented in some extraordinary

way from asserting his rights.  He has failed to show rare and exceptional circumstances

justifying equitable tolling in this case

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

        Signed this 25th day of September, 2006.


 

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).