Case 3:05-cv-02164-D-BF Document 25 Filed 01/02/14 Page 1 of 4 PageID 693

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 2 2014
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDY DANTZLER, 812677, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-2164-D |
| ) | |
| WILLIAM STEPHENS, ) | |
| Director TDCJ-CID, ) | |
| Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural background

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Petitioner was convicted of aggravated sexual assault of a child under the age of fourteen. *State of Texas v. Andy Dantzler*, No. F97-75668-QH (Crim. Dist. Ct. No. 1, Dallas County, Tex., Jan. 7, 1998). He was sentenced to ninety-nine years confinement. On November 8, 1999, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Danztler v. State*, No. 05-98-00145-CR (Tex. App. – Dallas, Nov. 8, 1999). Petitioner did not file a timely petition for discretionary review.

On August 11, 2005, Petitioner filed a state application for writ of habeas corpus. *Ex parte Dantzler*, Application No. 62,780-01. On September 28, 2005, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On November 2, 2005, Petitioner filed a federal § 2254 petition in this case. On October 17, 2006, the District Court dismissed the petition as barred by the statute of limitations.

On November 12, 2013, Petitioner filed the instant Rule 60(b) motion. He argues he has new evidence that shows he is actually innocent.

## II. Discussion

Although Petitioner filed this petition as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b). Petitioner's motion attempts to assert claims attacking his state court judgment based upon new evidence. A Rule 60(b) motion which raises claims for relief rather than challenges to defects in the federal habeas corpus proceeding is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this

Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that: (1) the instant Rule 60(b) motion be construed as petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254; (2) the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); and the Clerk of Court be directed to open a new civil action pursuant to § 2254 (nature of suit 530) for statistical purposes.

Signed this 2 day of January, 2014.

PAUL D. STICKNEY  
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).